# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MAT-WAH INTERNATIONAL ENTERPRISE, LTD., ET AL. | § § § | |
| V. | § § § | CASE NO. 4:12-CV-412 Judge Mazzant |
| ENMON ACCESSORIES, LLC | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #28). Having considered the relevant pleadings, the Court finds that the motion should be denied.

On December 3, 2012, Defendant filed its Motion for Summary Judgment. On December 14, 2012, Plaintiffs filed their response (Dkt. #30).

### Legal Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine

issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**Analysis**

Defendant asserts one ground for summary judgment: whether Plaintiffs' claims for goods sold more than four years before Plaintiffs filed their First Amended Original Complaint are barred by limitations.

Plaintiffs originally brought suit for payment on the subject contracts for the sale of goods in federal court on November 20, 2008, in the action entitled *Mat-Wah International Enterprise, Ltd., et al. v. Enmon Accessories, LLC*, Cause No. 4:08-CV-00438 in the United States District Court for the Eastern District of Texas, Sherman Division (the "Prior Federal Case"). The jurisdictional basis for the action was diversity pursuant to 28 U.S.C. § 1332(a)(2). Plaintiffs moved for dismissal of the action in federal court upon their discovery of a defect in the court's jurisdiction. (Dkt. #150). Specifically, complete diversity did not exist at the time the lawsuit was filed because Joint

Reputation, LLC, one of Enmon Accessories' members at the time the Prior Federal Case was filed, is a citizen of Hong Kong. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of its members). Plaintiffs filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. #150).[1] The Honorable Don Bush issued a report and recommendation that found as follows:

> This case has been pending for more than three years and is set for trial in May. Plaintiffs' recently-filed motion argues that there is no diversity jurisdiction between the parties, as their former counsel originally alleged. According to Plaintiffs, they are foreign citizens and one of Defendant's members is a foreign citizen, defeating diversity jurisdiction.
> ....
> In this case, Plaintiff claims that the members of Defendant Enmon Accessories, LLC are Janice Enmom, a Texas citizen, and Joint Reputation, LLC, which has at least one foreign member. Defendant claims that the members of Enmon Accessories, LLC are Grace Chow and Janice Enmon (not Joint Reputation, LCC). Nonetheless, at the hearing held on March 13, 2012, Defendant conceded that Chow is not a U.S. citizen and was not at the time the lawsuit was filed. Therefore, under either parties allegations of who is or was a member of Enmom Accessories, LLC, there is no diversity of citizenship as Plaintiffs are citizens of foreign states and Defendant (under either party's theory) is a citizen of a foreign state.
>
> For these reasons, and having considered Defendant's response indicating that it does not contest the lack of diversity jurisdiction, the Court finds that Plaintiffs' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. 150) should be GRANTED and that this matter should be dismissed in its entirety without prejudice (Dkt. #154).

The Court adopted the report and granted Plaintiffs' motion to dismiss for lack of subject matter jurisdiction and dismissed the action, without prejudice, on April 13, 2012 (Dkt. #156, #157).

On June 11, 2012, this action was filed in the 367th Judicial District Court, Denton County,

---

[1] Plaintiffs' motion stated as follows:
This suit was filed by Mat-Wah and Marvelous in 2008, by prior counsel. Plaintiffs' Original Complaint alleged diversity jurisdiction under 28 U.S.C. § 1332. But recent research has revealed that complete diversity does not exist in this case because, like Plaintiffs, Enmon Accessories is a foreign citizen and there are no diverse citizens on each side of the case.

Texas. Plaintiffs asserted the following claims: suit on sworn account, breach of contract, quantum meruit, conversion, and Texas Theft Liability Act. Defendant removed this case to this Court on July 9, 2012.[2]

Defendant asserts that the case is barred by the applicable statute of limitations, four years. Defendant argues that the Texas Civil Practices and Remedies Code section 16.064 is not applicable. Plaintiffs assert that they re-filed their claims in state court within 60 days pursuant to section 16.064, which is applicable to this case.

Under Texas state law, the applicable statute of limitations on a claim is tolled between the filing date of an action in one court and the filing date of the same action in a different court if the claim or claims are dismissed because of a lack of jurisdiction and the second action is filed within sixty days of the dismissal. Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a).[3] It is intended to "suspend[ ] the limitations period when a party mistakenly, and in good faith, files suit in one court, when jurisdiction was only proper in another ....". *City of DeSoto v. White*, 288 S.W.3d 389, 401

---

[2] Unlike the Prior Federal Case, the impediment to jurisdiction no longer exists and this Court may now properly exercise jurisdiction since Joint Reputation, LLC is no longer a member of Enmon Accessories, and all of Enmon Accessories' members are now Texas citizens as of the filing of this lawsuit.

[3] Section 16.064 provides as follows:
(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
    (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
    (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(Tex. 2009).

Defendant argues that Plaintiffs are ignoring a well-established rule that a dismissal without prejudice in federal court does not suspend or toll the applicable statutory time limitations. Defendant is correct that the 2008 case was dismissed without prejudice. However, the 2008 case was dismissed for lack of subject matter jurisdiction, which is what this statute was designed for. There is no dispute that Plaintiffs re-filed their action in state court within sixty days of the date that the Court's dismissal of the 2008 action became final. There is also no dispute that the state court had jurisdiction over the newly filed action until Defendant removed the action to this court.

Defendant does assert that section 16.064(a) has an exception that is applicable to this case. Section 16.064(b) provides that "[t]his section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." Tex. Civ. Prac. & Rem. Code Ann. § 16.064(b). Defendant asserts that Plaintiffs had ample information regarding the residence and citizenship of Defendant in the prior lawsuit. Defendant argues that the Plaintiffs intentionally disregarded proper jurisdiction in the prior action. Defendant further asserts that Plaintiffs should be estopped from seeking benefit from the Texas statute because they sought to dismiss the 2008 case. Defendant equates this to a situation where Plaintiffs' counsel made a tactical decision.

The Court disagrees. The Court cannot find that Plaintiffs filed the 2008 action without good faith with regard to subject matter jurisdiction. Here, there was a clear mistake of law regarding a the citizenship of a LLC. Moreover, Defendant never notified the Court that the jurisdiction was lacking during the three years the case was pending. Nothing in the record indicates that Plaintiffs

5

filed the 2008 case with intentional disregard of proper jurisdiction. Defendant has failed to establish that it is entitled to summary judgment on this ground.

It is therefore ORDERED that Defendant's Motion for Summary Judgment (Dkt. #28) is hereby DENIED.

**SIGNED this 19th day of February, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE